**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **HENRY ALFRED THOMAS,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:06-CV-901-Y |
| | § | |
| **NATHANIEL QUARTERMAN, Director,** | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendations of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

**A.     Nature of the Case**

This is a purported petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

**B.     Parties**

Petitioner Henry Alfred Thomas, TDCJ-ID #1300982, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Iowa Park, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ). No service has issued upon Respondent.

**C.     Procedural History**

Thomas is confined pursuant to a 2003 conviction for aggravated robbery entered in the 180th Judicial District Court of Harris County, Texas, in cause number 919827.[1]  (Petition at 2.)

**D.     Discussion**

By way of this petition, Thomas claims he is suffering cruel and unusual punishment at the hands of the staff, doctor, and assistant warden of the Allred Unit because of a change in his medical classification and work status.

Rule 4 of the Rules Governing Section 2254 Cases in federal district courts authorizes a habeas corpus petition to be summarily dismissed when it appears that the petitioner is not entitled to relief.[2]  Moreover, the Fifth Circuit has recognized a district court's authority under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999).

---

[1] It appears Thomas filed a § 2254 petition for writ of habeas corpus challenging his Harris County conviction in the United States District Court of Texas, Houston Division, Civil Action 4:05-CV-01629, that was dismissed without prejudice on November 3, 2006.  *See Thomas v. Quarterman*, CM/ECF, Criminal Docket for Case # H-05-1629, docket entry for November 3, 2006.

[2] Section 2243, governing applications for writ of habeas corpus, provides:

A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. § 2243(emphasis added).

Rule 4 of the Rules Governing Section 2254 Cases provides:

> The original petition shall be promptly presented to a judge of the district court in accordance with the procedure of the court for the assignment of its business.  The petition shall be examined promptly by the judge to whom it is assigned.  *If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.*

RULES GOVERNING SECTION 2254 CASES, RULE 4 (emphasis added).

Because Thomas's claims do not concern the fact or duration of his confinement, and instead concern prison procedures affecting the conditions of his confinement, they are not cognizable in a § 2254 petition. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (a petition for a writ of habeas corpus permits a petitioner to seek immediate or earlier release from custody, whereas a complaint pursuant to 42 U.S.C. § 1983 provides the proper avenue to challenge unconstitutional conditions of confinement and prison procedures); *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987) (holding that the core issue in determining whether a prisoner must pursue habeas corpus relief rather than a civil rights action is to determine whether the prisoner challenges the fact or duration of his confinement or merely the rules, customs, and procedures affecting conditions of confinement). His claims are more properly brought pursuant to a civil rights action under 42 U.S.C. § 1983.

## II.  RECOMMENDATION

It is therefore recommended that this petition for writ of habeas corpus be dismissed without prejudice so that Thomas may pursue a civil rights suit pursuant to 42 U.S.C. §1983.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until February 9, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings,

3

conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until February 9, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED January 19, 2007.

      /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE